**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------   X

DALE M. COUDERT,                                               :

                                                               :

                                        Plaintiff,             :        **12 Civ. 0110 (ALC)(FM)**

                                                               :

                    -against-                                  :        <u>**OPINION & ORDER**</u>

                                                               :

                                                               :

RICHARD N. HOKIN,                                              :

                                                               :

                                        Defendant.             X

------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

**I.      Introduction**

        Plaintiff Dale Coudert and Defendant Richard Hokin were married for approximately ten

years until their divorce.  In 1984, Plaintiff purchased an apartment at 485 Park Avenue, New

York, New York with funds provided by Defendant.  After commencing litigation over the

ownership of the apartment, in 1991, a New York state court imposed a constructive trust,

whereby Plaintiff held title to the apartment as a life tenant with the remainder interest passing to

the parties' children.  Twenty years later, Plaintiff initiated this suit, alleging Defendant breached

an agreement to pay the monthly maintenance and mortgage charges associated with the

apartment.  Defendant asserts he is entitled to enforce the constructive trust, as Plaintiff has

encumbered the apartment and failed to pay the monthly charges.  Defendant also seeks a

declaration of his rights under several promissory notes that were purportedly executed by

Plaintiff.  Plaintiff now moves for summary judgment with respect to Defendant's second

counterclaim and seeks leave to amend the operative Complaint.

1

II.    **Background**

From approximately 1963 to 1973, Plaintiff and Defendant were married, during which time they had two daughters – Dana and Alexandra. (Def.'s Resp. to Pl.'s L. R. 56.1 Stat. ¶¶ 1, 2.) Following their divorce, the parties entered into a separation agreement on January 12, 1973. (Landrigan Decl. Ex. O.) The parties dispute what obligations were imposed by that agreement, including whether Defendant was required to pay monthly maintenance charges on Plaintiff's residence for the rest of her life. (Def.'s Resp. to Pl.'s L. R. 56.1 Stat. ¶ 3.) The apartment occupied by the parties while they were married at 1012 Park Avenue was sold, and Plaintiff subsequently purchased shares in a cooperative corporation with rights to Apartment 7A at 485 Park Avenue using Defendant's funds. (Id. ¶¶ 4, 5.)

In 1988, Defendant commenced a state court action against Plaintiff, seeking a determination as to Plaintiff's rights in the apartment at 485 Park Avenue. (Id. ¶ 6.) The court imposed a constructive trust upon Plaintiff's legal title to the apartment, giving Plaintiff a life estate with the remainder interest to Dana and Alexandra. (Id. ¶ 8.) Plaintiff was permitted to encumber the property, so long as she obtained mortgage insurance with respect to any encumbrance, such that the mortgage would be fully redeemed in the event of her death. (Id.) The decision of the New York state court was encompassed in a November 18, 1991 order. (Id.; Landrigan Decl. Ex. A.)

Plaintiff filed the instant action in December of 2011, which was removed to this Court by Defendant, seeking monthly maintenance and mortgage charges associated with the apartment. (Def.'s Resp. to Pl.'s L. R. 56.1 Stat. ¶¶ 9, 10.) Defendant counterclaimed, alleging Plaintiff breached her fiduciary duties as the constructive trustee and requesting a declaration of

2

his rights under several promissory notes supposedly executed by Plaintiff. (Id. ¶ 13.)  Dana and Alexandra filed an Intervenor Complaint against Plaintiff on July 3, 2012, including two counts for breach of fiduciary duty and injunctive relief. (Id. ¶ 11.)  On March 26, 2013, Plaintiff entered into a contract to sell the apartment for $2.7 million. (Id. ¶ 16.)  Plaintiff, Dana, and Alexandra reached an agreement regarding the distribution of the proceeds from the apartment, and the daughters consented to the sale. (Id. ¶¶ 18, 19; May 23, 2013 Tr. at 4:1-16.)  Dana and Alexandra subsequently dismissed the Intervenor Complaint against Plaintiff pursuant to Fed. R. Civ. P. 41(a) on August 6, 2013. (Dkt. No. 54.)

## III.    Discussion

Plaintiff moves for summary judgment with respect to Defendant's second counterclaim for breach of fiduciary duty as the constructive trustee.  Plaintiff argues Dana and Alexandra are the beneficiaries of the constructive trust set up by the court, so they, not Defendant, have standing to challenge Plaintiff's management of the asset.  In the alternative, Plaintiff claims the sale of the apartment renders Defendant's second counterclaim moot.  Plaintiff also seeks leave to file a Second Amended Complaint based on alleged damages that are now ascertainable due to the sale of the apartment.  Defendant claims, having funded the constructive trust, he has standing to ensure the terms by which it was created are enforced.

### A. *Standard of Review*

A party moving for summary judgment has the burden of establishing there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  Material

facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248.  An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (citation omitted).

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248).  If the court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. Eastway Constr. Corp. v. City of N.Y., 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256.  Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment, and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. See Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

**B.** *Defendant's Counterclaim for Breach of Fiduciary Duty*

A constructive trust is an equitable remedy that is used to prevent unjust enrichment. Counihan v. Allstate Ins. Co., 194 F.3d 357, 361 (2d Cir. 1999). "What is necessary is that the court identify a party who is holding property 'under such circumstances that in equity and good conscience he ought not to retain it.'" Id. (citing Miller v. Schloss, 218 N.Y. 400, 407 (1916)). Put differently, "'a constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'" Simonds v. Simonds, 45 N.Y.2d 233, 241 (1978) (quoting Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386 (1919) (Cardozo, J.)).

By order dated November 18, 1991, the New York County Supreme Court held there were sufficient circumstances to necessitate a constructive trust over the apartment at 485 Park Avenue. (Landrigan Decl. Ex. O.) The court found Defendant had provided the funds for the apartment with the understanding that Plaintiff would hold the property for the benefit of the children. (Id.) Accordingly, the court imposed a trust upon Plaintiff's legal title and interest in the apartment, whereby Plaintiff would hold a life estate with the remainder interest to Dana and Alexandra. (Id.)

While Defendant acknowledges that the November 18, 1991 order does not address how or on what terms the apartment may be sold, he argues the sale of the apartment does not terminate the constructive trust. The Court disagrees. "A constructive trust may be terminated by a release given by the beneficiary to the trustee of his interest in the subject matter of the constructive trust." 5 Scott, Trusts § 481.3 (4th ed. 1989). The parties agree Dana and Alexandra

are the beneficiaries of the constructive trust, and Plaintiff is the constructive trustee, or the trustee ex malificio according to Defendant.  It is also undisputed that the beneficiaries have consented to the sale of the apartment and have reached an agreement with regards to what portion of the proceeds Plaintiff will receive and what portion of the proceeds the children will receive. (Def.'s Resp. to Pl.'s L. R. 56.1 Stat. ¶¶ 18, 19; May 23, 2013 Tr. at 4:1-16.)  In fact, the beneficiaries no longer found it necessary to participate in this action to ensure their rights in the corpus of the trust would be protected. (See Dkt. No. 54.)

Thus, with the beneficiaries having consented to the sale, and to receive some amount therefrom to voluntarily forego their interest in the apartment, the constructive trust is terminated upon the beneficiaries' release of their interest.  In turn, Defendant's second counterclaim for breach of fiduciary duty is moot.  Assuming arguendo that Defendant's claim embodied an active controversy, the beneficiaries would be better suited to bring claims against Plaintiff for encumbering the apartment, which represents their interests. See Gallo v. Gallo, 6 Misc. 3d 628, 631 (N.Y. Sur. 2004) (noting where a constructive trust would be set up with the children designated as beneficiaries, the children "are the interested persons to enforce any constructive trust[,]" not the estate of the deceased, who supplied the corpus of the trust).[1]  As previously mentioned, however, Dana and Alexandra have reached an agreement with Plaintiff as to the appropriate division of the money from the sale.  Even though Mr. Hokin may feel their agreement is inappropriate or unfair, the children, who are now over forty years old, are capable

---

[1] Notably, a constructive trustee is not under the same obligations as a trustee of an express trust.  For example, a leading treatise on trusts states:

> In the case of an express trust the trustee ordinarily has active duties of management.  In the case of a constructive trust, the duty is merely to surrender the property.  A constructive trust, unlike an express trust, is not a fiduciary relation.  The circumstances that give rise to a constructive trust may, but do not necessarily, involve a fiduciary relation.

5 Scott, Trusts § 462.1 (4th ed. 1989).

of protecting their legal interests, particularly as evidenced by their earlier intervention in this action.  Defendant's second counterclaim for breach of fiduciary duty does not present an actionable claim.

## C. *Plaintiff's Motion to Amend*

Plaintiff seeks leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15, adding claims for damages arising out of the sale of the apartment and dismissing the claims for specific performance and injunctive relief.  Specifically, Plaintiff alleges Defendant's failure to pay monthly maintenance charges and mortgage payments caused her to sell her life estate in the apartment, for which she should be compensated.  In addition, Plaintiff claims Defendant filed a UCC-1 Financing Statement against the apartment, which resulted in a lost sale that would have netted substantially more proceeds.

"A court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The standard governing motions to amend is a 'permissive' one that is informed by a 'strong preference for resolving disputes on the merits.'" Crawford v. Recovery Partners, No. 12 Civ. 8520, 2014 WL 1695239, at *1 (S.D.N.Y. Apr. 28, 2014) (quoting Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)).  Indeed, "absent undue delay, bad faith, undue prejudice, or futility, the 'mandate' under Fed. R. Civ. P. 15(a)(2) to freely grant leave to amend 'is to be heeded.'" Id. at *2 (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  "Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or

'significantly delay the resolution of the dispute.'" <u>AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.</u>, 626 F.3d 699, 725-26 (2d Cir. 2010).

Plaintiff is not raising new issues of fact in her proposed amendments but rather, updating the operative Complaint to reflect the current issues in this case now that sale of the apartment is concrete. <u>Compare</u> (First Am. Compl. ¶¶ 37-46) <u>with</u> (Gerrald Decl. Ex. 3.) Moreover, the allegations underlying Plaintiff's new claims were set forth in earlier pleadings. <u>See</u> <u>Miteva v. Third Point Mgmt. Co., L.L.C.</u>, 219 F.R.D. 64, 65 (S.D.N.Y. 2003) (allowing the plaintiff to amend the complaint where "the additional claim bears a sufficient connection to the balance of [the plaintiff's] other causes of action" and "the events underlying [the plaintiff's] original claims"). In reality, the claims have evolved primarily because of the sale, not because Plaintiff failed to plead them at an earlier stage of this case.

Even more, Defendant's counsel's two-page declaration in opposition to the Motion to Amend falls far short of demonstrating any real prejudice that would be suffered by Defendant. Notwithstanding the conclusory statements that Defendant would need to conduct additional discovery and re-open Plaintiff's deposition, it appears that Plaintiff was questioned at-length during her deposition about a potential buyer who walked away from the sale after discovering a lien against the apartment. (Gerrald Reply Decl. Ex. B at 81:13-89:8.) Given that some material has already been produced with respect to this issue, (Gerrald Reply Decl. Ex. A), and these facts have been implicated since the First Amended Complaint, any additional discovery would be very limited.

Based on the proposed amendments and the lack of harm to Defendant, the Court finds it is in the interests of justice to grant Plaintiff leave to file a Second Amended Complaint.

**IV.    Conclusion**

The remaining arguments of the parties are without merit and therefore, are not addressed.  For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED**.  Defendant's second counterclaim for breach of fiduciary duty is **DISMISSED**. Additionally, Plaintiff's Motion to Amend is **GRANTED**.  Plaintiff shall file the proposed Second Amended Complaint within thirty (30) days of entry of this Order.

The Court will hold a status conference in this case on August 15, 2014 at 10 : 30 a.m.  The parties should appear in person at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1306 on the above mentioned date and time.


**SO ORDERED.**


Dated:          New York, New York
                June 19, 2014



                                        _____
                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**